By the Court:
This appeal arises from the denial of a motion for judgment notwithstanding the verdict in a legal malpractice action based on the contention that plaintiff (Don) never incurred any out of pocket damages as a result of any omission or negligence by the defendant (Soo Hoo). Plaintiff brought the initial action alleging Soo Hoo’s breach of contract, breach of the covenant of good faith and fair dealing and negligence due to a failure to file a bankruptcy petition on her behalf for a period over three years after undertaking representation. After trial, a jury awarded plaintiff damages on all three counts of the complaint, to wit: $11,413, $1000 and $4,500 respectively. For the reasons herein, the ruling of the trial court is affirmed.
Finding that she could not pay her creditors, and after receiving collection notices in the year 2000, Don sought legal assistance. She engaged Attorney Soo Hoo for a fee of $1000 to advise her about the feasibility of preparing and filing a Chapter 7 consumer bankruptcy petition on her behalf. Her agreement with Soo Hoo provided that he would render legal services for all aspects of the bankruptcy case, including analyzing her financial situation, representing her with creditors and preparing and filing motions pursuant to 11 U.S.C. Section 522(f) (2) (a). It was agreed thereafter that a petition would be filed on her behalf. At the time, Don was an unemployed single mother who had become insolvent and owed significant debts.
In August 2003, three years later, Soo Hoo discovered that Don’s bankruptcy petition had not been filed. Although she had been forwarding collection notices to Soo Hoo’s office, no other services been performed on her behalf during this time.
A bankruptcy petition was eventually filed in August, 2003, listing four unsecured claims totaling $16,036.88. Don’s circumstances in the meantime had changed since 2000, and she was now employed, substantially improving her financial condition. As a result, the United States Bankruptcy Trustee eventually moved to dismiss the petition. In considering a response to the motion, and seeing the possible futility of opposition to the motion, Soo Hoo offered to pay the creditors on behalf of Don in order to place her in the same position as if she had been discharged in bankruptcy. He, therefore, did not file an objection to the Trustee’s motion to dismiss. Accordingly the petition was dismissed in March 2004. During that period, however, Soo Hoo did not pay the creditors. After the dismissal, Don, having consulted a new attorney, requested that she be paid directly. Soo Hoo did not do so.
On August 9,2004, Don received a collection notice from FMA Alliance demanding payment of $13,410.43. This amount was comprised of the original $9,453.92 claim, plus penalties and interest in the amount of $3,956.51. The evidence shows *40 that at least two creditors had made offers of settlement between 2001 and 2004. By June, 2004, Don had not received the bankruptcy discharge which she initially sought, nor had her debts been paid.
In reviewing the denial of the motion for judgment notwithstanding the verdict, we must apply the same standard of review as in a motion for directed verdict. See Service Publications, Inc. v. Goverman, 396 Mass. 567, 571 n.5 (1986) (filing a motion for directed verdict as prerequisite to filing a motion notwithstanding the verdict). Viewing the evidence in the light most favorable to the plaintiff, the standard is whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of a plaintiff. Boyle v. Wenk, 378 Mass. 592, 593 (1979). To succeed in a negligence action against a lawyer, a plaintiff must establish that an attorney acted without skill and care, causing harm, and that an underlying claim would have been successful at least to the extent of showing that one lost a probability of success as a result of the negligence. See Collucci v. Rosen et al., 25 Mass. App. Ct. 107 (1987). Viewing the evidence in a light most favorable to the plaintiff, a fact finder could find that plaintiff suffered harm due to defendant’s negligence. Between 2000 and 2005, Don continued to receive collection notices. Interest and penalties continued to accrue between 2000 and 2004. Soo Hoo’s offer to pay Don’s creditors was never accomplished, and by foregoing any objection to the motion to dismiss, Don lost any opportunity to discharge her debts in bankruptcy and prevent further notices.
That Don had not paid her creditors out of pocket need not translate that her damages are speculative or hypothetical. Damages need not be proven with “mathematical exactness.” Lowrie v. Castle, 225 Mass. 37 (1916) (recovery of prospective profits lost as a result of defendant’s wrongful conduct). The jury awarded a total amount of $16,913, breaking down as follows: $11,413 on a negligence count; $1000 on a breach of contract count; and $4,500 on a breach of covenant of good faith and dealing count. Don paid a legal fee of $1000 and listed four unsecured claims of $16,036.88 on her petition, totaling $17,036.88, greater than the jury award by only $123.88. It was fair for the jury to infer that but for Soo Hoo’s omissions, these amounts could reasonably have been discharged.
Finally, the record lacks any evidence whatsoever that the statute of limitations had run on each of the debts for which Don sought a discharge. The collection notices of 2004 which were before the jury belie this notion.
For the reasons stated, the denial of defendant’s motion is affirmed.